# KRENEK LAW OFFICES, PLLC

**Eddie M. Krenek**
*Board Certified in Personal Injury Trial Law*
*Board Certified in Consumer and Commercial Law*
*Texas Board of Legal Specialization*

*Certified Public Accountant –*
*Texas State Board of Public Accountancy*

**21555 Provincial Blvd.**
**Katy, Texas 77450**
**Telephone (281) 578-7711**
**Facsimile (281) 578-8988**

**Tricia K. Krenek**
*Attorney*
*Certified Mediator–*
*A. A. White Institute*

December 7, 2021

The Honorable George C. Hanks, Jr.                                   *Via E-File*
United States District Judge
515 Rusk St., Room 5300
Houston, Texas  77002

  Re: Civil Action No. 4:21-cv-01356; *John Doe v. The University of Texas M.D. Anderson Cancer Center, et al*.; In the U.S. District Court for the Southern District of Texas, Houston Division
    Plaintiff's Response to Defendants' PMC Letter [Dkt. 15]

To the Honorable District Judge George C. Hanks, Jr.:

  Defendants assert the following claimed pleading defects/deficiencies, many of which are erroneous, misread Plaintiff's Second Amended Complaint, or are raised for the first time in defense counsel's letter to the Court (i.e., with no conference between counsel as required by court rules).  Plaintiff would respectfully refer the Court to his Second Amended Complaint [Dkt. 13], which provides details of factual allegations sufficient to support each of the claims.

  Plaintiff submits that his Second Amended Complaint addresses the pleading issues previously raised by Defendants, and that it provides Defendants with well-pled factual allegations supported by proper legal precedent.  Despite Defendants failure to confer with Plaintiff's counsel about the matters set forth in their PMC letter, Plaintiff responds to each PMC Letter item as follows, in brief summary fashion due to page limit constraints:

1. UT Houston Police Department ("UTPD") is a non-jural entity and lacks capacity to be sued on the claims asserted.

**RESPONSE: INCORRECT.** After conferring with Defendants' previous counsel, Jeffrey Farrell, and reviewing Plaintiff's case, Plaintiff removed UT Houston Police Department ("UTPD") as a named party-Defendant in the case.

2. The TCHRA claims are barred by sovereign immunity.

   **RESPONSE: INCORRECT**. Doe properly sues MDA, his Employer, as that term is defined under Texas Labor Code 21.001, which waives governmental immunity to suit against a state agency or state instrumentality for employment discrimination.[1]

3.  To the extent Plaintiff's Title VII/TCHRA claims are asserted against any defendant aside from MD Anderson, they are improper…

**RESPONSE: MISREADING OF COMPLAINT.** This was discussed with Mr. Farrell and Plaintiff *again* clarified in his second amended complaint that he was only suing his employer, MDA, under Title VII/TCHRA.

4.  Plaintiff's Title VII/TCHRA discrimination and/or retaliation claims are time-barred …

**RESPONSE: INCORRECT AND NEVER PREVIOUSLY RAISED**. Doe has asserted the discriminatory acts occurred on a continuing basis as referenced on numerous occasions in his second amended complaint and his EEOC/TCHRA charge of discrimination and retaliation which is attached to and incorporated within his amended complaint.

5.  As to Plaintiff's Title VII/TCHRA discrimination claims … .

**RESPONSE: INCORRECT.**  Doe alleges numerous facts sufficient to raise the reasonable inference that MD Anderson was motivated by gender, national origin, and disability discrimination. Defendants' previous counsel raised this issue and Plaintiff amended his complaint to add additional facts to meet this objection. Defendants' new counsel is now protesting that the complaint is too long or has too many factual allegations.

6.  As to Plaintiff's Title VII/TCHRA retaliation claim, ….

**RESPONSE: INCORRECT**. Doe alleges numerous facts sufficient to raise the reasonable inference that MD Anderson took adverse employment actions against him motivated by an intent to retaliate for protected activity.

7.  Plaintiff's Section 1983 claims … and his claims for a violation of the Texas Constitution are barred by sovereign immunity…[re governmental entity, etc.].

  **RESPONSE: MISREADING OF COMPLAINT AND IRRELEVANT**. By removing this case, UTH and MDA waived the right to object to federal jurisdiction based on state sovereign immunity. *See Meyers ex rel Benzing v. Texas*, 454 F.3d 503, 504 (5th 2006). "A suit is not 'against' a state, however, when it seeks prospective, injunctive relief from a state actor ... based on an alleged ongoing violation of the federal constitution." *K.P. v. LeBlanc*, 729 F.3d 427, 439 (5th Cir. 2013). Under the doctrine articulated in *Ex parte*

---

[1] See Texas Commission on Human Rights Act (TCHRA), Texas Labor Code Sec. 21.001:  State agency includes institution of higher learning, further defined to include "Medical and Dental Unit…".  Pursuant to Texas Education Code §61.003, "Medical and Dental Unit" means and includes MDA and such other similar medical/dental schools. See Tex. Education Code §61.003 Definitions (Texas Statutes, 2021 Edition).

*Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L. Ed. 714 (1908), a state official attempting to enforce an unconstitutional law "is stripped of his official clothing and becomes a private person subject to suit." *K.P. v. LeBlanc*, 627 F.3d 115, 124 (5th Cir.2010). "Suits by private citizens against state officers in their official capacit[ies] are not, therefore, categorically barred." *Fontenot v. McCraw*, 777 F.3d 741, 752 (5th Cir. 2015). In any event, Doe sues the individually-named Defendants in their individual capacity. To the extent that Plaintiff sues Defendants in their official capacities, he does so seeking prospective, injunctive relief. *LeBlanc, supra.*

8.      Plaintiff's Sec 1983 claims also fail to state a claim against the governmental entities….

**RESPONSE: MISREADING OF COMPLAINT**. Doe's Section 1983 claims are not against the governmental entities. See discussion in point 7, supra.

9.      Plaintiff's claims under the Texas Constitution…fail to state a claim ….

**RESPONSE: MISREADING OF COMPLAINT.** Doe's Texas Constitutional claims seek non-monetary declaratory and/or injunctive relief.

10.     Plaintiff's Section 1983 claims against the individual defendants….

**RESPONSE: INCORRECT AND NEVER RAISED PREVIOUSLY**. The criminal prosecution has not ended and is still on appeal; therefore, the claims are not time barred. Nonetheless, when a federal statute does not contain a limitations period (as is the case for Title IX and § 1983), the settled practice is to borrow an "appropriate" statute of limitations from state law. *Goodman v. Lukens Steel Co.,* 482 U.S. 656, 660, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987), *partially superseded by statute as stated in Jones v. R.R. Donnelley & Sons Co*., 541 U.S. 369, 371, 124 S.Ct. 1836, 158 L.Ed.2d 645 (2004). Plaintiff's original complaint was filed on February 28, 2021. While it is true that "Texas's two-year statute of limitations for personal injury actions applies to §1983 claims filed in the state," *King-White v. Humble Indep. Sch. Dist*., 803 F.3d 754 (5th Cir. 2015), suits for malicious prosecution (an appropriately borrowed state statute of limitations) **accrues when the criminal prosecution *ends***, *Mead v. Property Owners' Ass'n of Terlingua Ranch, Inc.,* 410 S.W.3d 434, 438 (Tex. App.—El Paso 2013, no pet.) (emphasis added), not at the time of arrest as Defendants erroneously implies. Similarly, false imprisonment is a continuing tort that **accrues when the detention *ends***, *Adler v. Beverly Hills Hospital,* 594 S.W.2d 153, 154 (Tex. App.—Dallas 1980, no writ) (emphasis added), which in this case did not end until removal of Plaintiff's ankle monitor after the criminal prosecution concluded on April 17, 2019. Under the Section 1983 conspiracy claim, each continued invasion of the plaintiff's interest that causes loss and damage is treated as an independent claim for limitations purposes, *Cathey v. First City Bank,* 758 S.W.2d 818, 822 (Tex. App.—Corpus Christi 1988, writ denied), hence, those losses continue to the present.

11.     Plaintiff's malicious prosecution claim under the 4th, 5th and 14th Amendments ….

**RESPONSE: MISREADING OF COMPLAINT**. Doe EXPLICITLY states in his complaint that he is not bringing a malicious prosecution claim but rather a Section 1983 claim based on

actions in violation of the fourth, fifth and fourteenth amendments of the United States Constitution, and in which some of the constitutional deprivations are reminiscent of malicious prosecution.

12. Plaintiff's Section 1983 claims …based on 5th Amendment violations ….

**RESPONSE: ISSUE NEVER RAISED PREVIOUSLY.** Doe has not as yet been able to proceed with discovery to ascertain if there are any other persons involved, including potential federal actors.

13. Plaintiff's Section 1983 claims against the individual defendants ….

**RESPONSE: MISREADING OF COMPLAINT AND NEVER RAISED PREVIOUSLY.** Doe's Section 1983 claims based on due process and equal protection state a claim because they allege Defendants' individual involvement in the deprivations. Plaintiff's Second Amended Petition contains substantial factual allegations to support these claims. For example, two key elements required for due process include "notification" and "right to be heard." Plaintiffs alleges that neither of these were provided to Plaintiff.

14. Plaintiff's §1983 claims … are time-barred….

**RESPONSE: INCORRECT AND NEVER RAISED PREVIOUSLY**. Plaintiff's Section 1983 claims based on due process and equal protection represent a continuing violation of his due process and equal protection rights and were timely filed after exhaustion of administrative proceedings.

15. Plaintiff's Section 1983 claims based on equal protection ….

**RESPONSE: INCORRECT.** Doe alleges detailed claims based on violation of his equal protection rights because the second amended complaint reflects facts showing preferential treatment provided to a female employee compared to himself as a male, and further details the facts showing Defendants are not entitled to qualified immunity.

16. Plaintiff's Section 1983 due process claims fail to allege facts ….

**RESPONSE: INCORRECT.** Doe alleges viable and detailed claims creating the reasonable inference that Defendants deprived him of his liberty or property interests without due process, and further details the facts showing Defendants are not entitled to qualified immunity.

17. Plaintiff fails to a state a Title IX claim against any individual defendant ….

**RESPONSE: MISREADING OF COMPLAINT AND NEVER RAISED PREVIOUSLY.** Doe EXPLICITLY asserts his Title IX claims against the Defendant entities, not the individually-named Defendants.

18. Plaintiff fails to allege facts …that any entity defendant violated Title IX….

**RESPONSE: INCORRECT.** Doe alleges numerous facts sufficient to create the reasonable inference that Defendant entities violated Title IX.

19.     Plaintiff's taking claim …are barred by sovereign immunity….

**RESPONSE: INCORRECT AND NEVER RAISED PREVIOUSLY.** Immunity does not bar a claim brought against the government under Texas Constitutional article I, §17 for physically appropriating, invading, damaging or destroying a person's private property for public use without adequate compensation. *Gulf Coast Waste Disposal Auth. v. Four Season's Equip., Inc.,* 321 S.W.3d 168, 173-74 (Tex. App.—Houston [1st Dist.] 2010, no pet.).

20.     … State officials have no individual liability for constitutional takings ….

**RESPONSE: MISREADING OF COMPLAINT AND NEVER RAISED PREVIOUSLY.** Plaintiff's Takings' Clause claim is brought only against the entity Defendants.

21.     Plaintiff fails to plead plausible takings claim ….

**RESPONSE: INCORRECT.** Doe asserts a viable Takings' Clause claim because the factual allegations create the reasonable inference that the Defendants' deprived him of a compensable property interest.

22.     Plaintiff fails to plead a plausible conspiracy claim under Section 1983 ….

**RESPONSE: INCORRECT.** Doe asserts a detailed conspiracy claim under Section 1983 creating the reasonable inference that Defendants engaged in conspiracies of state action and deprivation of his civil rights, and further, he has asserted facts showing that Defendants are not entitled to qualified immunity.

23.     The declaratory judgment act claim does not provide a substantive source of rights ….

**RESPONSE: INCORRECT AND NEVER RAISED PREVIOUSLY**. Plaintiff does not assert the declaratory judgment action as a separate claim.

                                      Respectfully,

                                      KRENEK LAW OFFICES, PLLC

                                      /s/  Eddie M. Krenek
                                    Eddie M. Krenek
                                    Texas Bar No. 11724980
                                    Federal Bar No. 10887

                                    Attorney-in-Charge for Plaintiff