# KRENEK LAW OFFICES, PLLC

**Eddie M. Krenek**
*Board Certified in Personal Injury Trial Law*
*Board Certified in Consumer and Commercial Law*
*Texas Board of Legal Specialization*

*Certified Public Accountant –*
*Texas State Board of Public Accountancy*

**21555 Provincial Blvd.**
**Katy, Texas 77450**
**Telephone (281) 578-7711**
**Facsimile (281) 578-8988**

**Tricia K. Krenek**
*Attorney*
*Certified Mediator–*
*A. A. White Institute*

January 12, 2022

Honorable George Hanks
United States District Judge
515 Rusk St., Room 6202
Houston, Texas  77002

*Submitted via EC/CMF*

Re:   Civil Action No. 4:21-cv-01356; *John Doe v. The University of Texas M.D. Anderson Cancer Center, et al.*; In the U.S. District Court for the Southern District of Texas, Houston Division

Dear Judge Hanks:

Consistent with the Court's discussion during the hearing on January 6, 2022, the following letter identifies and further clarifies Plaintiff's claims asserted in his Second Amended Complaint, the Defendant(s) to whom each claim applies, and their respective capacities. Plaintiff has also referenced the relief requested under each section pursuant to your request.

**SUMMARY OF CLAIMS, RESPECTIVE DEFENDANTS AND RELIEF REQUESTED**

As indicated in Plaintiff's Second Amended Complaint removing UTPD as a defendant, Plaintiff is not bringing any claims against UTPD as an entity-Defendant, as it is claimed by Defendants to be a non-jural entity not subject to suit.  Plaintiff is not waiving or dismissing claims against individual defendants who may be affiliated with UTPD.

A.   **Employment Discrimination** – Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. section 2000e *et seq.* and Texas Labor Code section 21.000 *et seq.,* and all subsequent amendments and supplemental provisions, based on sex/gender (male), national origin (USA of Asian/Taiwanese descent), retaliation for reporting and/or seeking protection from violations of employment rights, and disability (perceived as mentally impaired and/or mentally disabled), for adverse personnel actions including emergency suspension, continuing suspension, constructive discharge, delayed reinstatement, discriminatory transfer to another laboratory, mandatory psychiatric assessment and management plan mandates (discriminatory and disparate treatment conditions of employment placed on John Doe), all in violation of the Texas Labor Code and Title VII.

**Defendant against whom claims are brought:**

1. **MD Anderson Cancer Center**

   **Relief Requested**: All relief permissible for employment discrimination under federal and state law, including monetary damages, attorneys' fees and costs, injunctive, declaratory and equitable relief (to the extent authorized by existing law). Monetary damages under the state and federal anti-discrimination laws may include loss of back pay and employment benefits, front pay, compensatory damages such as future pecuniary losses, past, present and future salary and benefits, emotional pain, suffering, inconvenience, mental anguish, damage to his reputation and future learning and professional opportunities, and other nonpecuniary losses, prejudgment interest, post judgment interest, attorneys' fees, expert witness fees, and costs.

   Declaratory, injunctive and equitable relief is sought against Defendant MDA and may include retroactive, continuing and prospective injunctive relief to promptly correct all continuing and prospective educational and work records, including but not limited to, the Medical Student Performance Evaluation ("MSPE") letter, formerly known as the "Dean's Letter"; and to correct any dissemination of such assessments, notations or other publications; and to promptly prepare, record, store and present such records without reference to any complaint, investigation, academic or disciplinary proceedings, findings and related comments, as if the wrongful events had not occurred; and to reinstate John Doe to the positions he had or should have had but for Defendants' wrongful actions.

B. **Violation of Due Process Rights** – Defendants violated Plaintiff's procedural and substantive constitutional rights protected by Article I, Section 19 of the Texas Constitution, as well as his constitutional rights protected by the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, including but not limited to, his property and liberty interests in his continued employment and education, as provided under 42 U.S.C. §1983.

   **Defendants against whom claims are brought:**

   1. **Margaret McNeese**, Individually and in her official capacity as UTH Vice Dean for Admissions and Student Affairs and UTH Title IX Coordinator,

   2. **Deana Moylan**, Individually and in her official capacity as Title IX Coordinator and Associate Vice President of Diversity and Equal Opportunity at UTHealth,

   3. **Tiffany Dillard Obeng**, Individually and in her official capacity as EEO Advisor in the Diversity & Equal Opportunity Department at UTHealth,

   4. **Sheri Wakefield**, Director, Individually and in her official capacity as EEO & Title IX Coordinator, HR EEO at MDA,

   5. **Yolan A. Campbell**, Individually and in her official capacity as Associate Vice President, HR Operations, HR Administration at MDA,

   6. **Karen D. Reed (Harvey)**, Individually and in her official capacity as Human ResourcesSpecialist, HR at MDA,

   7. **Michael Redwine**, Individually and in his official capacity as UTMS, Chair of the SEPC.

**Relief Requested**: Plaintiff seeks all non-monetary relief permissible under a claim for violation of the Due Process clause of the Texas Constitution which includes injunctive, declaratory and equitable relief, such as the holding of a due process hearing(s) for those hearings not held (i.e., interim or emergency suspension action without hearing) and/or rehearings for hearings held (SEPC) but constitutionally infirm.  Plaintiff is not seeking any monetary relief under the Texas Constitution.

Plaintiff also seeks all relief permissible under a claim for violation of the Due Process clause of the United States' Constitution as provided under 42 U.S.C. §1983 against the **individual defendants** (as referenced above) in their **individual capacities**, and includes monetary damages, attorneys' fees and costs, punitive damages, injunctive, declaratory and equitable relief. Monetary damages may include loss of back pay and employment benefits, front pay, compensatory damages such as future pecuniary losses, past, present and future salary and benefits, emotional pain, suffering, inconvenience, mental anguish, damage/losses to his reputation and future learning and professional opportunities, and other nonpecuniary losses, prejudgment interest, post judgment interest, attorneys' fees, expert witness fees, and costs.

Injunctive, declaratory and equitable relief is sought against the **individual defendants in their official capacities** and seeks continuing and prospective injunctive relief to promptly correct all continuing and prospective educational and work records, including but not limited to, the Medical Student Performance Evaluation ("MSPE") letter, formerly known as the "Dean's Letter"; to correct any dissemination of such assessments, notations or other publications; and to promptly prepare, record, store and present such records without reference to any complaint, investigation, academic or disciplinary proceedings, findings and related comments, as if the wrongful events had not occurred; and to reinstate John Doe to the positions he had or should have had but for Defendants' wrongful actions.

C. **Improper Criminal Prosecution/False Arrest** – Violations of Article I, Section 19 of the Texas Constitution and Title 42 U.S.C. §1983 of the Fourth, Fifth and Fourteenth Amendments of the United States Constitutions, based on actions consistent with or reminiscent of a claim for malicious prosecution of criminal proceedings, false arrest, and/or for malicious criminal prosecution through the filing and prosecution of false charges for harassing communications.

   **Defendants against whom claims are brought**:

   1. **Vicki L. King**, Individually and/or in her official capacity as Assistant Chief, University Police, Police Department-Special Ops, Converged Threat / Risk Protection & Investigationsat UTPD,

2. **Kimberly D. Miller**, Individually and/or in her official capacity as Detective in the Threat Management Investigations division with UTPD,

3. **Patricia J. Williams**, Individually and/or in her official capacity as Inspector in the Threat Management Unit, Special Operations Bureau with UTPD,

4. **Sheri Wakefield**, Individually and/or in her official capacity as Director, EEO & Title IXCoordinator, HR EEO at MDA,

5. **Margaret McNeese**, Individually and/or in her official capacity as UTH Vice Dean for Admissions and Student Affairs and UTH Title IX Coordinator, and

6. **Deana Moylan**, Individually and/or in her official capacity as Title IX Coordinator and Associate Vice President of Diversity and Equal Opportunity at UTHealth.

**Relief Requested**: Plaintiff seeks all relief permissible under Article I, Section 19 of the Texas Constitution, including injunctive, declaratory and equitable relief.

Plaintiff also seeks all relief permissible under Title 42 U.S.C. §1983, including monetary damages, attorneys' fees and costs, punitive damages, injunctive, declaratory and equitable relief. Monetary damages against the **individual defendants** in their **individual capacities** under 42 U.S.C. §1983 may include loss of back pay and employment benefits, front pay, compensatory damages such as future pecuniary losses, past, present and future salary and benefits, emotional pain, suffering, inconvenience, mental anguish, damage/losses to his reputation, future learning and professional opportunities, and other nonpecuniary losses, prejudgment and post judgment interest, attorneys' fees, expert witness fees, and costs.

Declaratory, Injunctive and Equitable Relief is sought against the **individual defendants in their official capacities** and includes non-monetary relief such as continuing and prospective injunctive, declaratory and equitable relief as set forth in section B, *supra*, and as alleged in Plaintiff's Second Amended Complaint.

D. **Denial of Equal Protection** – Violations of constitutional rights protected by Sections 3 and 3a of Article I of the Texas Constitution, and as protected by the Fourteenth Amendment of the Constitution of the United States. The actions of Defendants reflect unconstitutional gender bias and sex discrimination supporting John's claims that MDA and UTHealth violated John's equal protection rights as guaranteed by Article I, Sections 3 and 3a of the Texas Constitution, and as guaranteed by the Fourteenth Amendment of the U.S. Constitution, and therefore are violations of 42 U.S.C. §1983.

**Defendants against whom claims are brought**:

1. **Margaret McNeese**, Individually and in her official capacity as UTH Vice Dean forAdmissions and Student Affairs and UTH Title IX Coordinator,

2. **Deana Moylan**, Individually and in her official capacity as Title IX Coordinator andAssociate Vice President of Diversity and Equal Opportunity at UTHealth,

3. **Tiffany Dillard Obeng**, Individually and in her official capacity as EEO Advisor in theDiversity & Equal Opportunity Department at UTHealth,

4. **Sheri Wakefield**, Director, Individually and in her official capacity as EEO & Title IXCoordinator, HR EEO at MDA,

5. **Yolan A. Campbell**, Individually and in her official capacity as Associate Vice President,HR Operations, HR Administration at MDA,

6. **Karen D. Reed**, Individually and in her official capacity as Human Rights Specialist, HRat MDA,

7. **Michael Redwine**, Individually and in his official capacity as UTMS, Chair of the SEPC,

8. **Vicki L. King**, Individually and in her official capacity as Assistant Chief, University Police, Police Department-Special Ops, Converged Threat / Risk Protection & Investigationsat UTPD,

9. **Kimberly D. Miller**, Individually and in her official capacity as Detective in the Threat Management Investigations division with UTPD,

10. **Patricia J. Williams**, Individually and in her official capacity as Inspector in the Threat Management Unit, Special Operations Bureau with UTPD.

**Relief Requested**: Plaintiff seeks all relief permissible under Sections 3 and 3a of Article I of the Texas Constitution, including injunctive, declaratory and equitable relief.

As to violations of the Fourteenth Amendment of the Constitution of the United States under 42 U.S.C. §1983 against the **individual defendants** in their **individual capacities**, the relief requested may include monetary damages, attorneys' fees and costs, punitive damages, injunctive, declaratory and equitable relief. Monetary damages may include loss of back pay and employment benefits, front pay, compensatory damages such as future pecuniary losses, past, present and future salary and benefits, emotional pain, suffering, inconvenience, mental anguish, damage/losses to his reputation and future learning and professional opportunities, and other nonpecuniary losses, prejudgment interest, post judgment interest, attorneys' fees, expert witness fees, and costs.

Declaratory, Injunctive and Equitable Relief is sought against the **individual defendants in their official capacities** and includes non-monetary relief such as continuing and prospective injunctive, declaratory and equitable relief as set forth in section B, *supra,* and as alleged in Plaintiff's Second Amended Complaint.

E. **Violation of Title IX of the Education Amendments of 1972**, Title 20 U.S.C. §§ 1681-1686, et seq.

   **Defendants against whom claims are brought**:

   1. MD Anderson Cancer Center,

   2. University of Texas Health Science Center.

   **Relief Requested**: Plaintiff seeks all relief permissible under Title 20 U.S.C. §§ 1681-1686, including monetary damages, attorneys' fees and costs, injunctive, declaratory and equitable relief. Monetary damages against the entity defendants may include loss of back pay and employment benefits, front pay, compensatory damages such as future pecuniary losses, past, present and future salary and benefits, emotional pain, suffering, inconvenience, mental anguish, damage/losses to his reputation and future learning and professional opportunities, and other nonpecuniary losses, prejudgment interest, post judgment interest, attorneys' fees, expert witness fees, and costs.

   Declaratory, injunctive and equitable relief is sought against the entity defendants under Title IX and may include retroactive, continuing and prospective injunctive relief as set forth in section A, *supra,* and as alleged in Plaintiff's Second Amended Complaint.

F. **Violation of the "Takings Clause" of Article I, §17 of the Texas Constitution**, in that citizens are protected from property being taken, damaged or destroyed for or applied to public use without adequate compensation or consent.

   **Defendants against whom claims are brought**:

   1. MD Anderson Cancer Center,

   2. University of Texas Health Science Center.

   **Relief Requested:** Plaintiff seeks all relief permissible under the Takings Clause of the Texas Constitution which may include monetary damages, attorneys' fees and costs, injunctive, declaratory and equitable relief. Plaintiff seeks monetary damages for the improper "Taking" against the entity defendants and may include the monetary value of any loss of any research grant and its' financial benefits, any research award and its' financial benefits, research materials, and any employment contract arising out of the research grants/awards and related opportunities taken from John Doe by these Defendants, including loss of back pay and employment benefits, front pay, compensatory damages such as future pecuniary losses, past, present and future salary and benefits, emotionalpain, suffering, inconvenience, mental anguish, damage/losses to his reputation and future learning and professional opportunities, and other nonpecuniary losses, prejudgment interest, post judgment interest, attorneys' fees, expert witness fees, and costs.

   Declaratory, injunctive and equitable relief is sought against the entity defendants and may include retroactive, continuing and prospective injunctive, declaratory and equitable relief, as set forth in sections A, *supra*, and as alleged in Plaintiff's Second Amended Complaint.

G. **Conspiracy under Title 42 U.S.C. §1983** – Violation of Constitutional Rights pursuant to the Fourth, Fifth and Fourteenth amendment of the United States Constitution.

   **Defendants against whom claims are brought**:

   1. **Margaret McNeese**, Individually and in her official capacity as UTH Vice Dean for Admissions and Student Affairs and UTH Title IX Coordinator;

   2. **Deana Moylan**, Individually and in her official capacity as Title IX Coordinator and Associate Vice President of Diversity and Equal Opportunity at UTHealth,

   3. **Tiffany Dillard Obeng**, Individually and in her official capacity as EEO Advisor in the Diversity & Equal Opportunity Department at UTHealth,

   4. **Sheri Wakefield**, Director, Individually and in her official capacity as EEO & Title IX Coordinator, HR EEO at MDA,

   5. **Yolan A. Campbell**, Individually and in her official capacity as Associate Vice President, HR Operations, HR Administration at MDA,

   6. **Karen D. Reed**, Individually and in her official capacity as Human Rights Specialist, HR at MDA,

   7. **Michael Redwine**, Individually and in his official capacity as UTMS, Chair of the SEPC,

   8. **Vicki L. King**, Individually and in her official capacity as Assistant Chief, University Police, Police Department-Special Ops, Converged Threat / Risk Protection & Investigations at UTPD,

   9. **Kimberly D. Miller**, Individually and in her official capacity as Detective in the Threat Management Investigations division with UTPD,

   10. **Patricia J. Williams**, Individually and in her official capacity as Inspector in the Threat Management Unit, Special Operations Bureau with UTPD.

   **Relief Requested**: Plaintiff seeks all relief permissible under Title 42 U.S.C. §1983 (conspiracy), including monetary damages, attorneys' fees and costs, injunctive, declaratory and equitable relief. Plaintiff seeks monetary damages against the **individual defendants** in their **individual capacities** which may include loss of back pay and employment benefits, front pay, compensatory damages such as future pecuniary losses,

past, present and future salary and benefits, emotional pain, suffering, inconvenience, mental anguish, damage/losses to his reputation and future learning and professional opportunities, and other nonpecuniary losses, prejudgment interest, post judgment interest, attorneys' fees, expert witness fees, and costs.

Injunctive, declaratory and equitable relief is sought against the **individual defendants in their official capacities** and may include continuing and prospective injunctive relief as set forth in Section B, *supra,* and as alleged in Plaintiff's Second Amended Complaint.

Due to the complexity of the damages involved, the aforementioned discussion relating to "Relief Requested" should be viewed as a damage summary designed to characterize the general types of damages sought against each defendant in their respective capacities relating to the pertinent claim rather than, for example, an exhaustive list of each instance of injunctive or equitable relief sought. Any letter agreement submitted to the Court is limited to an agreement regarding which claims are asserted against which Defendants (with the exception of non-monetary damages sought for claims brought against individual defendants in their official capacities, as set forth above), as the Court directed, rather than include any stipulation relating to damages.

While Defendants dispute each of Plaintiff's claims and various issues remain as to the immunities, standing to sue and/or capacity to be sued, exhaustion of remedies, limitation of actions, and failure to state certain claims, by his signature below, counsel for the named and served Defendants acknowledges Plaintiff's representations above for purposes of proceeding with motions to dismiss under Rule 12(b).

The parties propose the following briefing schedule for the anticipated 12(b) motions:

Defendants' deadline to file motions to dismiss under Rule 12(b):  February 22, 2022

Plaintiff's deadline to file responses to 12(b) motions:  April 4, 2022

Defendants' deadline to file replies to Plaintiff's responses:  April 19, 2022

Defendants anticipate filing one motion for the entity Defendants and one motion for the individual Defendants.

          Respectfully,

          KRENEK LAW OFFICES, PLLC

          /s/ Eddie M. Krenek
          Eddie M. Krenek
          Texas Bar No. 11724980
          Federal Bar No. 10887

          *Attorney-in-Charge for Plaintiff*

ACKNOWLEDGEMENT:


/s/ *Jeffrey E. Farrell*
Jeffrey E. Farrell
Assistant Attorney General
Texas Bar No. 00787453
Federal Bar No. 16842

*Attorney-in-Charge for Defendants*