UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN DOE, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:21-cv-01356 |
| | § | |
| THE UNIVERSITY OF TEXAS M.D. | § | |
| ANDERSON CANCER CENTER, et al., | § | |
| | § | |
| *Defendants*. | § | |

---

## JOINT MOTION TO STAY DISCOVERY

---

The Individual Defendants[1] have filed a motion to dismiss raising sovereign immunity, qualified immunity, and other potentially dispositive arguments. The Institutional Defendants[2] have also filed a motion to dismiss raising sovereign immunity and other potentially dispositive arguments. Accordingly, discovery in this matter should be stayed until the various immunities and other potentially dispositive legal arguments raised by Defendants have been resolved. Plaintiff agrees to this proposal, and the parties jointly file this motion.

### BACKGROUND

Plaintiff originally filed suit in state court, and Defendants timely removed the case to this Court on April 23, 2021. *See* ECF 1. After filing a First Amended Complaint, *see* ECF 9, Plaintiff

---

[1] The "Individual Defendants" include Defendants McNeese, Obeng, Redwine, Moylan, Wakefield, Campbell, Reed, King, and Miller.

[2] The "Institutional Defendants" include The University of Texas M.D. Anderson Cancer Center and The University of Texas Health Science Center at Houston. Plaintiff has also named "The University of Texas at Houston Police Department" as a defendant entity. But as explained in the Institutional Defendants' motion to dismiss, the police department is a component of Defendant UTHealth and is not an entity that can be sued.

eventually filed a Second Amended Complaint on November 21, 2021, *see* ECF 13.  Following various other proceedings, including the requisite pre-motion conference, Defendants filed motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6).  *See* ECF 30, 31. Those motions raise defenses of qualified immunity, sovereign immunity, and other potentially dispositive defenses to Plaintiff's various claims against Defendants.  The motions to dismiss are fully briefed and pending this Court's decision.

Due to the impropriety and inefficiency of conducting discovery before the various immunity defenses raised by Defendants are resolved, the parties have been awaiting the Court's resolution of the motions to dismiss before pursuing discovery in this matter.  Given that various deadlines have now passed, the parties believe it is most appropriate at this point to ask the Court for a general stay of discovery in this case and a corresponding vacatur of the deadlines originally set by the Court's docket control order, *see* ECF 8, until after the Court has ruled on Defendants' motions to dismiss.  Should discovery become appropriate at a future time (depending on how the motions to dismiss are resolved), the parties will request the Court to enter a new scheduling order.

## ISSUE PRESENTED

The issue is whether the Court should stay discovery in this case pending the resolution of qualified immunity, sovereign immunity, and other potentially dispositive defenses raised by Defendants.  Generally, "[a] trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined."  *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987).  Further, Federal Rule of Civil Procedure 26(c) permits the Court to issue a protective order "for good cause . . . to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c).  To be clear, the parties have refrained from discovery in light of the Fifth Circuit decisions on this issue, and in

light of the guidance previously received from the Court indicating that discovery should not proceed pending rulings on the dispositive motions presented by Defendants.

## SUMMARY OF THE ARGUMENT

Given the direction from the Fifth Circuit (discussed below) that discovery should be stayed until after qualified immunity and sovereign immunity defenses have been resolved, and in light of the Court's prior guidance, the parties agree that discovery should be stayed in this case pending the Court's ruling on Defendants' motions to dismiss. A stay will comply with applicable legal authority and will also promote the most efficient and effective use of resources for both the Court and the parties.

## ARGUMENT & AUTHORITIES

The Supreme Court has "repeatedly . . . stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *see also Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994) (per curiam) (noting that the Supreme Court "has described immunity as a threshold question, to be resolved as early in the proceedings as possible"). This is because both sovereign immunity and qualified immunity are an immunity from suit, not merely an immunity from liability. *See Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 143–46 & n.5 (1993). One of the "central benefits" of immunity from suit is "avoiding the costs and general consequences of subjecting public officials to the risks of ***discovery*** and trial." *Id.* (emphasis added). Of course, the "central benefit" of avoiding the burden of discovery is irreparably lost when defendants are forced to move forward with discovery before their immunity defenses have been resolved. *See id.* at 145 (observing that "the benefit conferred by qualified immunity to individual officials[] is for the most part lost as litigation proceeds past motion practice"); *see also Siegert v. Gilley*, 500 U.S. 226, 232

(1991) ("One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit.").

Consistent with these basic principles regarding immunity, it is well-established in the Fifth Circuit that immunity defenses raised by state defendants should be resolved before discovery is permitted.  *See, e.g.*, *Wells v. State Attorney Generals of La.*, 469 F. App'x 308, 310 (5th Cir. 2012) (per curiam) ("[D]iscovery generally is not allowed until the resolution of immunity issues in the case."); *Nieto v. San Perlita Indep. Sch. Dist.*, 894 F.2d 174, 177 (5th Cir. 1990) ("[U]ntil resolution of the threshold question of the application of an immunity defense, discovery should not be allowed." (internal quotation marks omitted)); *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 383 (5th Cir. 1987) ("The district court acted properly in staying discovery in this case pending resolution of the immunity issues.").

District courts consistently follow the Fifth Circuit's direction to stay discovery where state defendants argue they are immune from suit.  *See, e.g.*, *Stamps v. Univ. of Tex. at Austin*, No. 1:20-CV-01204-LY-SH, 2021 WL 5167296, at *4 (W.D. Tex. Nov. 4, 2021) (granting discovery stay where defendants had filed motion to dismiss arguing qualified and sovereign immunity); *Collins v. Tex. Dep't of Fam. & Protective Servs.*, No. 1:20-CV-367-LY, 2021 WL 38192, at *2 (W.D. Tex. Jan. 5, 2021) (granting discovery stay where defendants had filed motions to dismiss arguing qualified and sovereign immunity); *Hutchings v. Cnty. of Llano, Tex.*, No. 1:20-CV-308-LY-SH, 2020 WL 2086553, at *2 (W.D. Tex. Apr. 30, 2020) (granting discovery stay where defendants had filed motion to dismiss arguing judicial and qualified immunity); *Carlisle v. Normand*, Civil Action No. 16-3767, 2018 WL 3474715, at *2–4 (E.D. La. July 19, 2018) (granting discovery stay where state defendant had filed motion to dismiss arguing sovereign, absolute, and qualified

immunity); *LeClerc v. Webb*, No. Civ. A. 03-664, 2003 WL 21026709, at *6–7 (E.D. La. May 2, 2003) (granting discovery stay where state defendants argued they were protected by judicial, legislative, and sovereign immunity).

Based on the fundamental principles of immunity and the well-established precedent applying those principles to discovery stays, this Court should stay discovery in this matter until after the Defendants' qualified immunity and sovereign immunity defenses have been resolved.

Although some of Plaintiff's claims against the Institutional Defendants are not directly affected by the various immunity defenses raised by Defendants, this Court should stay all discovery in the case instead of permitting piecemeal discovery. First, it would be practically unworkable and would impose additional but unnecessary discovery costs for the parties to attempt to conduct discovery piecemeal in this case, because Plaintiff's allegations and claims against all Defendants are so inextricably intertwined as to render segregated discovery not feasible. Second, the Individual Defendants are entitled to avoid all burdens of discovery pending the resolution of their qualified and sovereign immunity defenses, and it would potentially prejudice them for the other parties to conduct discovery in their absence, before this Court had ruled on their immunity defenses. Third, the Institutional Defendants have filed potentially dispositive arguments against all of Plaintiff's claims, which means that this Court's resolution of the Defendants' motions to dismiss may dispose of the entire case and obviate the need for discovery altogether.

## CONCLUSION & PRAYER

For all the foregoing reasons, the parties respectfully request this Court to issue an order vacating the current docket control order and staying all discovery in this matter until after the Defendants' motions to dismiss have been resolved.

Respectfully submitted,

KRENEK LAW OFFICES, PLLC

*/s/ Eddie M. Krenek* (by permission)
Eddie M. Krenek
Texas Bar No. 11724980
Federal Bar No. 10887
edkrenek@kreneklaw.com
*Lead Attorney-In-Charge*
Tricia K. Thompson
Texas Bar No. 24031324
Federal Bar No. 841498
tkthompson@kreneklaw.com
Joyce A. Keating
Texas Bar No. 11144010
Federal Bar No. 14159
joyce@joycekeatinglaw.com

21555 Provincial Blvd.
Katy, Texas 77450
Telephone: (281) 578-7711
Fax: (281) 578-8988

***ATTORNEYS FOR PLAINTIFF
JOHN DOE***


**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**SHAWN COWLES**
Deputy Attorney General for Civil Litigation

**CHRISTOPHER D. HILTON**
Chief, General Litigation Division

*/s/ Benjamin S. Walton*
**BENJAMIN S. WALTON**
*Attorney in Charge*
Texas Bar No. 24075241
Southern District Bar No. 2338094
Assistant Attorney General
General Litigation Division
P.O. Box 12548
Austin, Texas 78711
(512) 463-2120 – Phone
(512) 320-0667 – Fax
benjamin.walton@oag.texas.gov

***Counsel for Defendants***

## CERTIFICATE OF CONFERENCE

I hereby certify that on November 14, 2022, I conferred with Ed Krenek, counsel for Plaintiff, who informed me that Plaintiff agrees with the relief sought and joins in this motion and the relief requested therein, while maintaining on behalf of Plaintiff the positions set forth in Plaintiff's briefing on the issues concerning the dispositive motions.

*/s/ Benjamin S. Walton*
**BENJAMIN S. WALTON**
Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2022, a true and correct copy of this document was electronically filed using the Court's CM/ECF system, which will send notification of such filing to the following counsel of record:

Eddie M. Krenek
Tricia K. Thompson
KRENEK LAW OFFICES, PLLC
21555 Provincial Blvd.
Katy, Texas 77450
edkrenek@kreneklaw.com
tkthompson@kreneklaw.com

***Counsel for Plaintiff***

*/s/ Benjamin S. Walton*
**BENJAMIN S. WALTON**
Assistant Attorney General