IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOHN DOE,<br>    *Plaintiff*,<br><br>VS.<br><br>THE UNIVERSITY OF TEXAS M.D.<br>ANDERSON CANCER CENTER, *ET AL.*,<br>    *Defendants*. | § § § § § § § § § § § §   CIVIL ACTION NO. 4:21-CV-1356 |

**JOINT STATUS REPORT**

Pursuant to the Court's Order [Dkt. 50], the parties submit this Joint Status Report along with a joint proposed docket control order in a separate filing.

**1.      Procedural History of Case Before this Court**

This case was originally filed in the 55th Court of Harris County, Texas on February 28, 2021, and was removed to federal court on April 23, 2021. The parties submitted their Joint Discovery/Case Management Plan pursuant to FRCP 26(f) [Dkt. 7] on September 8, 2021.

The live complaint before this Court is Plaintiff's Second Amended Complaint [Dkt. 13].

The Institutional Defendants filed a FRCP 12(b)(1) and (6) Motion to Dismiss [Dkt. 30] on March 12, 2022. The Individual Defendants filed a FRCP 12(b)(1) and (6) Motion to Dismiss [Dkt. 31] on March 18, 2022.

Plaintiff filed a Response to the Institutional Defendants' Motion to Dismiss [Dkt. 32] on April 28, 2022. Plaintiff filed a Response to the Individual Defendants' Motion to Dismiss [Dkt. 37] on May 5, 2022.

The Institutional Defendants filed their Reply to Plaintiff's Response to the Motion to Dismiss [Dkt. 38] on May 13, 2022, and the Individual Defendants filed their Reply to Plaintiff's Response to the Motion to Dismiss [Dkt. 39] on May 20, 2022.

The Court entered its Order Granting Joint Motion to Stay Discovery [Dkt. 48] on November 30, 2022.

The Court issued its Memorandum Opinion and Order [Dkt. 49] Granting in Part and Denying in Part the Institutional Defendants' Motion to Dismiss, and also Granting in Part and Denying in Part the Individual Defendants' Motion to Dismiss, on January 30, 2023.

**Disclosures of Interested Parties**: Plaintiff filed his Certificate of Interested Parties [Dkt. 4] on May 11, 2021. Defendants filed their Certificate of Interested Parties [Dkt. 3] on May 5, 2021.

2. **Procedural Status of Ancillary Case Pending Before Texas Supreme Court**

The parties apprise the Court about a related case that is currently pending before the Texas Supreme Court. The case concerns claims brought by Plaintiff John Doe against Li Cai (the party that brought the initial complaint against John Doe that triggered the investigations that form the basis of Plaintiff's claims now pending before this Court against both the Institutional Defendants and the Individual Defendants). That case was filed in the 295th District Court of Harris County as Cause No. 2019-82179 asserting claims for slander/libel/defamation, malicious criminal prosecution, and tortious interference causes of action. Defendant Cai is represented by the Office of the Attorney General of Texas (different individual attorneys than in this case). Defendant filed a Motion to Dismiss pursuant to Texas Tort Claim Act ("TTCA") §101.106(f). The trial court denied the Motion to Dismiss, which denial was appealed to the Texas 14th Court of Appeals as Case No. 14-20-00588-CV. The 14th Court of Appeals issued a Majority Opinion that Affirmed in Part, Reversed and Rendered in Part, the trial court's denial of the Motion to Dismiss. There were concurring and dissenting opinions also issued. Both parties appealed the Court of Appeals decision to the Texas Supreme Court through filing of Petitions for Review, filed as Case No. 22-0667. From September 27, 2022 through June 2, 2023, both sides underwent an extensive briefing schedule that included initial briefs, responsive briefs to both sides' petitions for review, briefs on the merits, and reply briefs on the merits. All briefing has been concluded to the Texas Supreme Court as of June 2023. That case is now pending further action by the Texas Supreme Court.

The Parties do not currently believe that the Texas Supreme Court's decision in that case will directly affect the proceedings now before this honorable Federal Court; but the parties wish to apprise the Court of substantial activity occurring of a related nature.

3. **Lead Counsel**

The Attorney in Charge for Plaintiffs is: Eddie M. Krenek
The Attorney in Charge for Defendants is: Benjamin S. Walton

4. **Status Updates from Previously-Filed Joint Discovery/Case Management Plan [Dkt. 7]**

Generally, the parties wish to inform the Court of the primary reason they have not been conducting discovery to date: in light of various criminal proceedings, it has been unknown

whether Plaintiff John Doe and/or material fact witness Li Cai would plead the Fifth Amendment at their depositions in this case.  Accordingly, the parties agreed it would not be reasonable to conduct discovery until this issue was cleared up.  The parties anticipate having more clarity on this issue in the coming months.  Pending the resolution of that issue, the parties will be able to meaningfully move forward with discovery in this matter.  At this time, the parties reasonably anticipate being able to meet the deadlines in their proposed revised docket control order, but they will inform the Court if any further complications arise.

The Parties further submit that the information submitted in their Joint Discovery/Case Management Plan [Dkt. 7] is essentially accurate, with the exception of items provided or otherwise addressed herein:

**Initial Disclosures**:  The parties have made initial disclosures or will do so within 30 days of the Court entering a new Docket Control Order.

**Written Discovery**:  Plaintiff is prepared to send interrogatories to Defendants upon permission and ability to do so pursuant to the Court's rules or upon approval by the Court.  Defendants anticipate serving initial interrogatories and requests for production to Plaintiff within 30 days of receiving Plaintiff's initial disclosures.  Plaintiff and Defendants reserve the right to serve additional written discovery during the course of discovery as permitted by the Rules.

**Depositions:**  Plaintiff has identified approximately 14 – 15 depositions of fact witnesses Plaintiff requests to be allowed to be taken, including those fact witnesses set forth in Dkt. 7, as follows:

| Deponent | Description / Relevance | Anticipated Date |
|---|---|---|
| Li "Lily" Cai | Co-worker and Co-student that initiated harassment complaint and initiated criminal complaint along with other Defendants [Non-Party to this case] | Anticipated within 60 to 90 days after document production by Defendants or by Discovery Deadline |
| Sheri Wakefield | MD Anderson, Director of MDA's EEO & HR Regulations and Title IX Coordinator; conducted harassment investigation; participated in actions at issue concerning Plaintiff's claims | Within 75 to 100 days after doc production or by Discovery Deadline |
| Tiffany Dillard Obeng | UTH Title IX Coordinator and decisionmaker; conducted harassment investigation; participated in actions at issue concerning Plaintiff's claims | Within 75 to 100 days after doc production or by Discovery Deadline |
| Karen Harvey Reed | MDA HR Specialist involved in Title IX investigations, decisions concerning | Within 90 – 135 days after doc production or by Discovery Deadline |

| | | |
|---|---|---|
| | same, and report; participated in actions at issue concerning Plaintiff's claims | |
| Yolan Campbell | Associate VP, HR Operations at MDA; involved in institutional complaints re due process violations alleged by Plaintiff, and determination of policy violations committed by Sherri Wakefield and Karen Harvey Reed that resulted in substantiated Code of Conduct violations reflecting noncompliance with MDA policies by them | Within 90 – 135 days after doc production or by Discovery Deadline |
| Margaret McNeese | UTH Title IX investigator; involved in investigative process and decision-making; participated in actions at issue concerning Plaintiff's claims | Within 100 – 140 days after doc production or by Discovery Deadline |
| Vickie King | UT Police; involved in criminal complaint and investigation of harassment complaint; involved in post-investigation actions (SEPC) to provide risk assessments of Plaintiff resulting in further injuries to Plaintiff; participated in actions at issue concerning Plaintiff's claims | Within 100 – 140 days after doc production or by Discovery Deadline |
| Kimberly Miller | UT Police; involved in coordinating criminal investigation and decisions concerning criminal complaint as well as administrative investigative processes that resulted in negative actions to Plaintiff; participated in actions at issue concerning Plaintiff's claims | Within 100 – 140 days after doc production or by Discovery Deadline |
| Patricia Williams | UT Police; involved in coordinating criminal investigation and decisions concerning criminal complaint as well as administrative investigative processes that resulted in negative actions to Plaintiff; participated in actions at issue concerning Plaintiff's claims | Within 100 – 140 days after doc production or by Discovery Deadline |
| Deana K. Moylan | Deputy Title IX Coordinator, UTHealth; involved in Cai complaint investigations and proceedings | Within 100 – 140 days after doc production or by Discovery Deadline |
| | **Potential Depositions, Depending on Designations of Org Reps Noted Above** | |

| | | |
|---|---|---|
| Organizational Rep of UTHealth | General policies/procedures specific to and tracking the actions involved in the underlying events; policy violations by Defendants. | Within 100 – 140 days after doc production or by Discovery Deadline |
| Organizational Rep of UTMDA | General policies/procedures specific to and tracking the actions involved in the underlying events; policy violations by Defendants. | Within 100 – 140 days after doc production or by Discovery Deadline |
| Organizational Rep of UTPD | General policies/procedures re investigations, pursuit of criminal charges | Within 100 – 140 days after doc production or by Discovery Deadline |
| | **Expert Witness Depositions** | |
| Expert Depositions | | Within 60 days of receipt of expert reports |
| | **Potential Depositions – Depending upon Witnesses Ability to Provide Information in Depositions Requested Above** | |
| SEPC Hearing Chairperson | Involved in the SEPC hearing process and resulting administrative action against Plaintiff | Within 100 – 140 days after doc production or by Discovery Deadline |
| Michael Redwine | Clinical Associate Professor at McGovern Medical School; member of committee overseeing factual events re Plaintiff, as well as actions resulting in damages to Plaintiff | Within 100 – 140 days after doc production or by Discovery Deadline |
| William Lemaistre or Similar Position | Chief Compliance Officer at UTHealth; knowledgeable about SEPC and UTHealth actions and applicable policies | Within 100 – 140 days after doc production or by Discovery Deadline |
| Ken DeShazo or other persons involved in aspects of the Management Plan / conditions of employment | MDA HR; knowledgeable about the Management Plan and conditions of employment placed on Plaintiff as a result of the complaint and investigations | Within 100 – 140 days after doc production or by Discovery Deadline |
| Margaret Harris | Legal counsel involved in certain of the administrative proceedings relating to Defendants' investigation of Plaintiff and resulting actions; knowledgeable about due process issues, notice issues, violations of policies, etc.; legal fees and other damages to Plaintiff | Within 100 – 140 days after doc production or by Discovery Deadline |
| Robert J. Fickman | Legal counsel involved in defense of criminal proceedings brought against Plaintiff; knowledgeable about all | Within 100 – 140 days after doc production or by Discovery Deadline |

|  | aspects of criminal proceedings; legal fees and other damage to Plaintiff |  |
|---|---|---|

Defendants anticipate taking the depositions of Plaintiff, fact witnesses designated by Plaintiff, and any expert witnesses designated by Plaintiff. As discovery has not yet commenced, the parties have not identified witnesses with knowledge of relevant facts. Defendants reserve the right to depose other fact and expert witnesses as discovery proceeds. Defendants anticipate taking all necessary depositions by the discovery deadline in the revised Docket Control Order.

Plaintiff's Discovery View as set forth in Dkt. 7 (paragraph 11) remains accurate.

Defendants' Discovery View as set forth in Dkt. 7 (paragraph 11) remains accurate.

**Discovery Completion**: The parties anticipate discovery can be completed by September 30, 2024.

**Possibilities for Settlement/Resolution**: The parties have had some discussions concerning potential resolution since the Court's Memorandum Opinion and Order [Dkt. 49]; the parties intend to continue discussions regarding whether mediation might be productive and, if so, what might be a mutually agreeable time for a mediation in this case.

Respectfully Submitted,

**KRENEK LAW OFFICES, PLLC**

*/s/ Eddie M. Krenek*
Eddie M. Krenek
Texas Bar No. 11724980
Federal Bar No. 10887
edkrenek@kreneklaw.com
*Lead Attorney-In-Charge*

Tricia K. Thompson
Texas Bar No. 24031324
Federal Bar No. 841498
tkthompson@kreneklaw.com
Joyce Keating
Texas Bar No. 11144010
Federal Bar No. 14159
joyce@joycekeatinglaw.com
21555 Provincial Blvd.

Katy, Texas 77450
Telephone: (281) 578-7711
Fax: (281) 578-8988

**ATTORNEY-IN-CHARGE FOR PLAINTIFF**


ANGELA COLMENERO
Provisional Attorney General

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

JAMES LLOYD
Acting Deputy Attorney General for Civil Litigation

KIMBERLY GDULA
Deputy Chief, General Litigation Division
RYAN KERCHER
Deputy Chief, General Litigation Division

/s/ *Benjamin S. Walton*
**BENJAMIN S. WALTON**
*Attorney in Charge*
Texas Bar No. 24075241
Southern District Bar No. 2338094
Assistant Attorney General
General Litigation Division
P.O. Box 12548
Austin, Texas 78711
(512) 463-2120 – Phone
(512) 320-0667 – Fax
benjamin.walton@oag.texas.gov

**ATTORNEY-IN-CHARGE FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document was served upon the following counsel of record *via* the Court's ECF system on the 10th day of August, 2023:

Benjamin S. Walton
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Benjamin.walton@oag.texas.gov

                                             /s/ *Eddie M. Krenek*
                                             Eddie M. Krenek