IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOHN DOE, § | |
|     *Plaintiff*, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:21-CV-1356 |
| § | |
| THE UNIVERSITY OF TEXAS M.D. § | |
| ANDERSON CANCER CENTER, *ET* § | |
| *AL.*, § | |
|     *Defendants*. § | |

**JOINT STATUS REPORT**

Pursuant to the Court's Order as indicated in the Hearing Minutes of September 1, 2023 [Dkt. 54], the parties submit this Joint Status Report for October 2023.

**1.**     **Lead Counsel**

    The Attorney in Charge for Plaintiffs is: Eddie M. Krenek
    The Attorney in Charge for Defendants is: Benjamin S. Walton

**2.**     **Discovery Accomplished Since Last Update or Hearing**

    **Written Discovery**

    Plaintiff served separate sets of interrogatories and requests for production to each of the twelve (12) Defendants. This includes 1,196 separate requests for production, and 191 interrogatories, with Defendants receiving different types and quantities of requests. Defendants have also served on Plaintiff both requests for production and interrogatories.

    Plaintiff contends that some of the Defendants were involved in common or joint events and actions, and that each of the Defendants had or were involved in distinctly different factual events or actions. Accordingly, separate sets of written discovery were believed to be warranted. Plaintiff submits that the written discovery may allow for more streamlined depositions, and that obtaining the responses and production of documents will be important in order to proceed with depositions.

    The Parties apprise the Court that they will work towards producing discovery/documents as timely as possible and will apprise the Court if any difficulties arise.

3. **Update on Procedural Status of Ancillary Case Pending Before Texas Supreme Court**

   **Update**: The Texas Supreme Court has granted the Petitions for Review in Case No. 22-0667; Court of Appeals No. 14-20-00588-CV; Trial Court No. 2019-82179. Oral arguments before the Texas Supreme Court are set for Tuesday, January 9, 2024. For the Court's easy reference, the parties provide below the prior synopsis about this matter (prior synopsis provided in full, despite the update making some of the information provided below irrelevant).

   **Previous Synopsis About this Matter Provided to the Court**: The parties apprise the Court about a related case that is currently pending before the Texas Supreme Court. The case concerns claims brought by Plaintiff John Doe against Li Cai (the party that brought the initial complaint against John Doe that triggered the investigations that form the basis of Plaintiff's claims now pending before this Court against both the Institutional Defendants and the Individual Defendants). That case was filed in the 295th District Court of Harris County as Cause No. 2019-82179 asserting claims for slander/libel/defamation, malicious criminal prosecution, and tortious interference causes of action. Defendant Cai is represented by the Office of the Attorney General of Texas (different individual attorneys than in this case). Defendant filed a Motion to Dismiss pursuant to Texas Tort Claim Act ("TTCA") §101.106(f). The trial court denied the Motion to Dismiss, which denial was appealed to the Texas 14th Court of Appeals as Case No. 14-20-00588-CV. The 14th Court of Appeals issued a Majority Opinion that Affirmed in Part, Reversed and Rendered in Part, the trial court's denial of the Motion to Dismiss. There were concurring and dissenting opinions also issued. Both parties appealed the Court of Appeals decision to the Texas Supreme Court through filing of Petitions for Review, filed as Case No. 22-0667. From September 27, 2022 through June 2, 2023, both sides underwent an extensive briefing schedule that included initial briefs, responsive briefs to both sides' petitions for review, briefs on the merits, and reply briefs on the merits. All briefing has been concluded to the Texas Supreme Court as of June 2023. That case is now pending further action by the Texas Supreme Court.

   The Parties do not currently believe that the Texas Supreme Court's decision in that case will directly affect the proceedings now before this honorable Federal Court; but the parties wish to apprise the Court of substantial activity occurring of a related nature.

4. **Status Update on Criminal Proceedings that are Part of the Factual Events in Plaintiff's Complaint**

   **The Situation and Concern at Issue**: After Li Cai made certain complaints about John Doe, criminal proceedings were eventually initiated against John Doe by/through the Harris County District Attorney's Office. The criminal charge was that from 4/15/2018 through 10/29/2018, John Doe was accused of "unlawfully, with intent to harass, annoy, alarm, abuse, torment and embarrass another, namely, Li Cai, send repeated electronic communications, to-wit: electronic mail and instant message in a manner reasonably likely to harass, annoy, alarm, abuse, torment and embarrass." [according to the charging instrument]. On *Application for Writ of Habeas Corpus and*

*Motion to Quash*, the County Criminal Court at Law 16 dismissed and quashed the Information in cause number 2233753, without considering the factual merits of the case. The basis for the Habeas Corpus relief related to a facial challenge to the statute's constitutionality (i.e., challenge concerning the statute itself, not the factual events that occurred). The dismissal occurred on 4/17/2019. That dismissal was appealed to the 14th Court of Appeals, who affirmed the dismissal. The State then appealed that ruling/opinion to the Texas Court of Criminal Appeals.

**Update**: The Court of Criminal Appeals remanded the case back to the 14th Court of Appeals. By Judgment issued August 29, 2023, the 14th Court of Appeals REVERSED the trial court decision and rendered that the application for habeas corpus relief be denied. Accordingly, the criminal proceedings against Plaintiff are now reinstated for further action at the trial court level. It is not known at this time what, if any, further criminal proceedings may be pursued against Plaintiff.

**Impact**: Because of this appellate decision, there are portions of Plaintiff's complaint that may be affected in light of the criminal complaint being reinstated. Some of the discovery and deposition testimony is anticipated to relate to the criminal proceedings. While counsel for the parties in the case at bar desire to proceed with discovery and depositions to the fullest extent possible, there may be objections raised to certain areas of discovery in light of the newly-reinstated and ongoing criminal proceedings.

If there are complaints raised to discovery surrounding or relating to the criminal complaint (i.e., both written discovery as well as deposition questioning about the factual events), such discovery (which may include facts deemed essential by Plaintiff and/or Defendants) may be hampered or wholly prevented. For example (not by way of limitation), these developments raise the question whether a party (such as John Doe) or the complainant (Li Cai) might object to written discovery or decline to answer certain deposition questions based on Fifth Amendment protections. Plaintiff John Doe has separate counsel representing Plaintiff in the Criminal Proceedings. The undersigned counsel for John Doe does not represent Plaintiff on those Criminal Proceedings. None of the undersigned counsel for any party in this case represents Li Cai.

**Plaintiff's Position**:

It is Plaintiff's intention to not object to discovery and deposition questioning on the basis of "pleading/taking the Fifth Amendment." However, should questioning come up that is not anticipated by Plaintiff's counsel at this time, the undersigned does not want to deprive Plaintiff of such due process rights. There might be criminal defense counsel that would need to be involved in those decisions. Nonetheless, Plaintiff believes that discovery and depositions could and should proceed in an effort to complete the depositions necessary to prepare this case for trial.

If any of the Defendants object to producing discovery based on there being an ongoing criminal proceeding, such position would significantly impede Plaintiff's ability to obtain necessary, vital testimony and information, and would prevent Plaintiff from being able to

obtain important/essential evidence for trial. Moreover, it would be difficult for Plaintiff to "piecemeal" depositions by having to take a particular deposition multiple times (assuming objections are initially made to those aspects of the case, but other areas proceed in deposition questions), or by having to take depositions without having the needed documents/information relating to the factual events that include what transpired as the criminal complaint against Plaintiff. The criminal proceedings are an important part of the events at issue in this case as well as Plaintiff's damages, although not wholly or only what is at issue.

Plaintiff submits that it might be helpful for the Parties to address this issue in the best way they can, so that depositions can be free-flowing. If any party knows that objections will be raised to deposition questioning, it would be helpful for the Court to address those issues before depositions commence. For example, a fervent area of inquiry (on Plaintiff's behalf) would be the factual basis for the initiation of criminal charges against Plaintiff. Portions of that same factual basis are also relevant to other claims Plaintiff has brought in the live Complaint. If any witness intends to object and not answer questions in deposition about those factual events, it would be helpful to know that in advance, and for the Court to be able to address those issues at that time.

**Defendants' Position**: Defendants agree that counsel for all parties should make reasonable and diligent efforts to ascertain before a particular deponent's deposition whether the deponent expects to decline to answer any questions based on the Fifth Amendment or other privileges or confidentiality issues relating to criminal investigations or proceedings. Counsel for the parties should then confer and attempt to agree on the most appropriate way to handle the deposition of that deponent. If the parties cannot agree, they will then be able to approach the Court as a last resort, to discuss possible solutions and obtain the Court's direction.

Respectfully Submitted,

**KRENEK LAW OFFICES, PLLC**

*/s/ Eddie M. Krenek*
Eddie M. Krenek
Texas Bar No. 11724980
Federal Bar No. 10887
edkrenek@kreneklaw.com
*Lead Attorney-In-Charge*

Tricia K. Thompson
Texas Bar No. 24031324
Federal Bar No. 841498
tkthompson@kreneklaw.com
Joyce Keating

Texas Bar No. 11144010
Federal Bar No. 14159
joyce@joycekeatinglaw.com
21555 Provincial Blvd.
Katy, Texas 77450
Telephone: (281) 578-7711
Fax: (281) 578-8988

**ATTORNEY-IN-CHARGE FOR PLAINTIFF**


KEN PAXTON
Attorney General

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

JAMES LLOYD
Deputy Attorney General for Civil Litigation

KIMBERLY GDULA
Deputy Chief, General Litigation Division
RYAN KERCHER
Deputy Chief, General Litigation Division

/s/ *Benjamin S. Walton*
**BENJAMIN S. WALTON**
*Attorney in Charge*
Texas Bar No. 24075241
Southern District Bar No. 2338094
Assistant Attorney General
General Litigation Division
P.O. Box 12548
Austin, Texas 78711
(512) 463-2120 – Phone
(512) 320-0667 – Fax
benjamin.walton@oag.texas.gov

**ATTORNEY-IN-CHARGE FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document was served upon the following counsel of record *via* the Court's ECF system on the 6th day of October, 2023:

Benjamin S. Walton
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Benjamin.walton@oag.texas.gov

/s/ *Eddie M. Krenek*
Eddie M. Krenek